# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1400

_____

United States of America,

    Plaintiff - Appellee,

v.

William Joseph Lowe,

    Defendant - Appellant.

\* Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted:  March 14, 2011
Filed:  May 5, 2011

_____

Before LOKEN and COLLOTON, Circuit Judges, and NELSON,* District Judge.

_____

PER CURIAM.

In 1995, William Joseph Lowe was convicted of first degree sexual assault in Colorado state court. He was discharged from prison in May 2006, after receiving notice of his duty to register as a sex offender, and registered in Arkansas shortly thereafter. He moved to Missouri in 2008, failed to register as a sex offender in that State, and was charged with failing to register as required by the Sex Offender Registration and Notification Act (SORNA) in violation of 18 U.S.C. § 2250(a). After

_____

*The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, sitting by designation.

the district court[1] denied his motion to dismiss the indictment, Lowe entered a conditional plea of guilty, preserving his right to appeal the denial of his motion to dismiss.

On appeal, Lowe argues, as he did to the district court, that the indictment must be dismissed because the Interim Rule promulgated by the Attorney General in February 2007 did not validly apply SORNA retroactively to sex offenders, like Lowe, who were convicted before July 27, 2006; because the Interim Rule was the product of an invalid delegation of legislative power and failed to comply with the Administrative Procedure Act; and because SORNA's registration and criminal enforcement provisions violate the Constitution's Ex Post Facto Clause, Commerce Clause, and Tenth Amendment. As Lowe concedes in his brief, each of these contentions has been rejected by prior decisions of this court that are binding on this panel. See United States v. Voice, 622 F.3d 870, 879 (8th Cir. 2010); United States v. Hacker, 565 F.3d 522, 526 (8th Cir. 2009); United States v. May, 535 F.3d 912, 915-22 (8th Cir. 2008).

Accordingly, the judgment of the district court must be affirmed.

_____

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.